UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BOTTOM, | No. C-15-1596 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND AWARDING COSTS AND EXPENSES** |
| CATHERINE FORBES, dba CATHERINE'S GOURMET TO GO, *et al.* | **(Docket No. 12)** |
| Defendants. | |

Plaintiff Patricia Bottom filed this action for unlawful detainer against Defendants Catherine and Ronald Forbes in California State Court. *See* Docket No. 1 (Notice of Removal), Ex. A (Complaint for Unlawful Detainer). According to the complaint, Defendants failed to pay rent to their landlord (Plaintiff) for the commercial property located at 1801 14th Avenue, Oakland, California, 94606. *See id.* Plaintiff's complaint contained no other causes of action.

On April 7, 2015, Defendants (acting *pro se*) removed the action to this Court, claiming that removal was proper under 28 U.S.C. section 1332(a), which generally provides that this Court has original jurisdiction over cases and controversies where the "matter in controversy exceeds the sum or value of $75,000" and the parties are citizens of different states. *See* 28 U.S.C. § 1332; *see also RCM International, LLC v. Alpental Energy Partners, LLC*, No. 14-cv-4788 SC, 2014 WL 6844944 (N.D. Cal. Dec. 4, 2014) (discussing in great detail the law of removal for diversity purposes). The Defendants also seemed to suggest that jurisdiction was proper because Plaintiff's unlawful detainer action presents a question of Federal law. *See* Notice of Removal at 1.

Pending before the Court is Plaintiff's motion to remand this action to Superior Court and its request for an award of fees and costs pursuant to 28 U.S.C. section 1447(c), which provides that the court may order a party to pay "just costs and actual expenses, including attorney fees, incurred as the result of the [improper] removal." 28 U.S.C. § 1447(c). For the reasons explained below, the Court **GRANTS** Plaintiff's motion for remand, **REMANDS** this case to Superior Court, and **ORDERS** Defendants to pay Plaintiff the "just costs" she incurred in litigating her meritorious motion for remand.

Defendants first suggested that removal is proper under section 1332--the diversity of citizenship provision. *See* 28 U.S.C. § 1441(b) (permitting removal based on diversity of citizenship). Defendants are mistaken in at least two fundamental ways. First, Defendants admit in their notice of removal that they are citizens of the State of California, and reside in Alameda County. Notice of Removal at 2. Thus, even if Plaintiff was not a citizen of California (*i.e.*, of diverse citizenship from Defendants) as Defendants contend in their notice of removal, removal is improper here because an action "may not be removed [based on diversity of citizenship] if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Put simply, where a non-citizen sues a citizen in the citizen's home state, the citizen defendant may not remove the case to Federal court for reasons of diversity of citizenship. Here, Defendants were sued in California, the State where they reside. Thus, they could not remove the action pursuant to section 1441.

Additionally, even if this first defect were not present, this case is also not removable pursuant to sections 1332 and 1441(b) because the amount in controversy requirement is plainly not met. Plaintiff's unlawful detainer complaint indicates that the amount of unpaid rent due at the time of its filing was $3,700, and that the daily rent due was $98.63. Complaint at 3. Put simply, there is no evidence that more than $75,000 is in controversy in this action.

Defendants' final contention in support of removal is the suggestion that Plaintiff's unlawful detainer lawsuit somehow involves or invokes federal law. This argument is foreclosed by the "well-pleaded complaint rule," which provides that federal jurisdiction must be apparent on the face of the plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). Because

2

the plaintiff is the "master of the complaint," a plaintiff who chooses not to bring federal claims may avoid federal jurisdiction and "have the cause heard in state court." *Id.* Here, the Plaintiff's complaint clearly does not contain any federal law cause of action, either express or implied, and so this Court does not have jurisdiction over the case. This case was not properly removed, and thus the Court grants Plaintiff's motion to remand.

The Court also grants Plaintiff's request for an award of $1,620, which is equal to the amount of attorneys' fees Plaintiff spent prosecuting its motion to remand. While the award of such fees is within the Court's discretion, a court abuses its discretion in refusing to award fees where the defendant's argument for removal was devoid of any objectively reasonable basis. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Dead Kennedys v. Biafra*, 46 F. Supp. 2d 1028. Here, that standard is clearly met. Defendants have presented no argument that would suggest that their request for removal here was even remotely colorable: In fact, Defendant failed to even file an opposition to Plaintiff's motion to remand. In any event, Defendant's notice of removal was obviously deficient. Thus, the Court finds an award of attorneys' fees to be proper here, and awards Plaintiff $1,620.00.

This order disposes of Docket No. 12.

IT IS SO ORDERED.

Dated: May 22, 2015

_____
EDWARD M. CHEN
United States District Judge

3